## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## BATESVILLE DIVISION

DIANE JONES,
ADC #706096                                                          PLAINTIFF

V.                            1:11CV00067 JMM/JTR

LASSITER, Sergeant; and
CHAD E. DAVIS, Disciplinary Court Recorder,
McPherson Unit, Arkansas Department of Correction          DEFENDANTS


## <u>ORDER</u>

Plaintiff, Diane Jones, is a prisoner in the McPherson Unit of the Arkansas

Department of Correction ("ADC").  She  has recently filed a *pro se*[1]  § 1983

Complaint alleging that Defendants violated her constitutional rights. *See* docket entry

---

[1] Plaintiff is hereby notified of her responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

#1.

## I.  Filing Fee

The filing fee for commencing a § 1983 action in federal court is $350.
Plaintiff has neither paid the filing fee nor filed an Application to Proceed *In Forma
Pauperis*.[2] If Plaintiff wishes to pursue this action, she must, within thirty days of the
entry of this Order, either:  (1) pay the $350 filing fee in full; or (2) file a properly
completed Application to Proceed *In Forma Pauperis,* along with a properly
completed prisoner calculation sheet.

Plaintiff has filed a Notice stating that unnamed prison officials are refusing to
complete unspecified paperwork on her behalf.  *See* docket entry #2.  Accordingly, the
Court will send the prisoner calculation sheet to the Warden of the McPherson Unit
and ask that he have it completed and returned to the Court.  However, Plaintiff must

---

[2]  The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is
permitted to file a civil action *in forma pauperis* still must pay the full statutory filing
fee of $350.  28 U.S.C. § 1915(b)(1).  The only question is whether a prisoner will
pay the entire filing fee at the initiation of the proceeding or in installments over a
period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a
prisoner is without assets and unable to pay an initial filing fee, he will be allowed to
proceed with his § 1983 claims and the filing fee will be collected by the Court in
installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the
prisoner's case is subsequently dismissed for any reason, including a
determination that it is frivolous, malicious, fails to state a claim, or seeks
monetary relief against a defendant who is immune from such relief, the full
amount of the $350 filing fee will be collected and no portion of this filing fee will
be refunded to the prisoner.**

complete and return the Application to Proceed *In Forma Pauperis*.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

Plaintiff contends that: (1) on June 9, 2011, her equal protection and due process rights were violated when she was wrongfully convicted of a disciplinary charge; (2) her equal protection and due process rights were violated when she was permanently assigned to lock down status; and (3) on July 13, 2011, she was subjected to cruel and unusual punishment when she was forced to shower in handcuffs and without the use of her walker.  *See* docket entry #1.

The Court needs further information about these allegations in order to complete the screening function mandated by § 1915A.  Thus, Plaintiff shall file, within thirty days of the entry of this Order, an Amended Complaint clarifying: (1) the full punishment she received as a result of the June 9, 2011 disciplinary

conviction;[3] (2) how long she has been assigned to lock down status, who made that assignment, and how often she has received reviews of her placement in lock down; (3) how she was harmed by being forced to shower in handcuffs and without a walker, and who required her to do so; and (4) how Defendants Lassiter and Davis participated in *each* of the alleged constitutional violations.

### III.  Conclusion

1.     The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis.*

2.     The Clerk is directed to send the Warden of the McPherson Unit a copy of this Order and a prisoner calculation sheet.

3.     The Court requests the Warden of the McPherson Unit to complete the prisoner calculation sheet and return it to the Court **within thirty days of the entry of this Order.**

4.     Plaintiff shall, **within thirty days of the entry of this Order**, either: (a) pay the $350 filing fee in full; or (b) file a properly completed Application to Proceed *In Forma Pauperis.*

5.     Plaintiff shall, **within thirty days of the entry of this Order**, file an Amended Complaint containing the information specified in this Order.

_____

[3] If possible, Plaintiff should include a copy of her disciplinary conviction.

6.    Plaintiff is reminded that the failure to timely and properly comply with

any portion of this Order will result in the dismissal of this case, without prejudice,

pursuant to Local Rule 5.5(c)(2).

Dated this 19th day of August, 2011.


_____
UNITED STATES MAGISTRATE JUDGE